IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIST STEIMLE, | ) | Case No. 1:04CV0813 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| WANZA JACKSON, Warden, | ) | Magistrate Judge David S. Perelman |
| | ) | |
| Respondent. | ) | |
| | ) | <u>MEMORANDUM AND ORDER</u> |

On May 3, 2004, petitioner Christ Steimle ("Steimle") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1), in which he challenges the constitutionality of his convictions in Ohio state court for felonious assault and intimidation. *See State v. Steimle*, Ohio Case Nos. CR-376138 and 378096. Now before the court is a report and recommendation issued by Magistrate Judge David S. Perelman, recommending that the court deny Steimle's petition (Docket No. 11). For the following reasons, the court adopts the Magistrate Judge's findings of fact and conclusions of law, and denies Steimle's petition.

## I. Background

This court adopts the statement of facts and the thorough procedural history provided by the Magistrate Judge. In his Report and Recommendation, Magistrate Judge Perelman recounts the convoluted procedural history of the case and the various objections made by Steimle throughout the proceedings.

The most pertinent facts may be summarized as follows: Steimle entered a plea of guilty to one count of felonious assault and one count of intimidation, pursuant to a negotiated plea

agreement, under which the state dropped its additional charges of kidnapping, domestic violence, and violation of a protection order. On August 30, 1999, Steimle was sentenced to serve consecutive terms of eight years' imprisonment (for the felonious assault conviction) and five years' imprisonment (for the intimidation conviction).

Steimle appealed on September 27, 1999 to Ohio's Eighth District Court of Appeals, arguing that he should have been allowed to withdraw his guilty plea as a result of unfulfilled promises made to him by his attorney.  On December 7, 2000, the Court of Appeals affirmed Steimle's conviction, on the grounds that he did not attempt to withdraw his plea at the proper time – *i.e.*, prior to sentencing or prior to filing his appeal. However, the Court of Appeals remanded Steimle's case for resentencing, requiring that the trial court articulate the specific reasoning behind its decision to impose consecutive sentences. Steimle was resentenced, to the same term of imprisonment, on December 29, 2000.

Steimle appealed this second sentencing decision on various constitutional grounds (including a due-process objection to the denial of his motion to withdraw his guilty plea), and the Court of Appeals again remanded, finding that Steimle was denied effective assistance of counsel (as he was not given sufficient time to retain new counsel) and that the trial judge both failed to inform Steimle of his right to appeal and to have counsel appointed, and misapplied the appropriate sentencing provisions. Because of its decision in Steimle's favor on these two issues, the Court of Appeals declined to rule on Steimle's other Assignments of Error as moot.

On October 30, 2002, a different Ohio judge sentenced Steimle to consecutive terms of seven years and four years for his respective convictions. At this third sentencing hearing, Steimle attempted to renew his motion to withdraw his plea. The trial court denied his motion to that effect.

2

The state appeals court affirmed Steimle's new sentence on September 11, 2003, and denied his motion for reconsideration on September 30.  The Supreme Court of Ohio denied leave to appeal on January 21, 2004. This action followed.

In his petition for a writ of habeas corpus, Steimle states three grounds for relief. The first two stem from the denial of his various attempts to withdraw his guilty plea, while the third alleges that the sentencing judge relied on information not on the record in making his final determination.

## II. Standard of Review

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the Magistrate Judge's disposition to which specific objections have been made.  Accordingly, Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections."  A District Judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*

## III. Discussion

Steimle's objections consist largely of restatements of his arguments in opposition to the Traverse/Return of Writ filed by the state.  From this court's careful reading of the Magistrate Judge's opinion, it is clear that these arguments have been considered and properly rejected. The court agrees with the Magistrate Judge that Steimle is procedurally barred from asserting each of his three grounds for federal habeas relief under 28 U.S.C. § 2254.

The first two claims presented by Steimle relate to Steimle's attempts to withdraw his guilty

plea. These claims are not now properly before this court. First, Steimle violated Ohio Criminal Rule of Procedure 32.1 by not filing his motion to withdraw his plea prior to sentencing. This violation was itself adequate grounds for the state courts to decline to reach the merits of the motion. Second, Steimle did not file the motion to withdraw his plea before filing his first direct appeal, thereby divesting the trial court of jurisdiction to hear his motion. Finally, Steimle failed to exhaust his available state remedies by declining to appeal the first Court of Appeals ruling on his motion to withdraw his plea. Neither the state courts nor the Magistrate Judge erred in their analysis of these procedural defaults.

The Magistrate Judge is correct in his assessment that Steimle's failure to exhaust his state remedies is itself an absolute bar to federal habeas review of Steimle's first and second claims. With regard to the procedural defaults invoked to bar review of Steimle's claims at the state level, the court also agrees with the Magistrate Judge, and adopts his review under the four-part test set forth by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

First, the above-listed state procedural rules exist regarding Steimle's motion. Steimle failed to comply with each of them. Second, the state appellate court affirmed the judgment of conviction without considering Steimle's motion for withdrawal pursuant to OHIO APP. R. 12(A)(1)(b), and the trial court refused to hear the motion. Thus, the sanction for failing to comply was actually enforced. Third, this court agrees that violation of these state procedural rules is an adequate and independent ground that bars review of Steimle's constitutional claims. As the Sixth Circuit observed in *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001), analysis of this third prong "will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." *Id.* at 673, quoting *Maupin*, 785 F.2d at 138. This court entertains no

4

doubt that the state of Ohio holds both legitimate and compelling interests in: (1) promoting certitude and finality in criminal cases, by requiring defendants to file any motion to withdraw a plea in advance of sentencing; and (2) limiting the jurisdiction of its trial courts to matters not currently pending on appeal. Steimle's asserted interest in federal protection of his due process rights is insufficient to justify interference with the state's reasonable and independent management of *res judicata* and jurisdictional principles.

Steimle contends that his claims should not be barred from federal review by procedural default because the state procedural grounds cited are not "strictly or regularly" followed, and therfore not legally "adequate." *See Johnson v. Mississippi*, 486 U.S. 578 (1988). This argument has no merit. Steimle presents no credible evidence that the state appellate courts occasionally allow motions for withdrawal of plea to be filed after sentencing, or that they routinely ignore their own jurisdictional rules regarding matters on appeal. To the contrary, a procedural rule which divests a court of jurisdiction cannot be waived by the divested court.

Finally, the court adopts the Magistrate Judge's finding that Steimle's claims fail at the fourth stage of the *Maupin* test, because he makes no effort to show cause for having violated the state procedural rule or to show that he was actually prejudiced by any alleged constitutional error[1]. *Wainright v. Sykes*, 433 U.S. 72 (1977). *See also Greer*, 264 F.3d at 663.

Steimle's third claim includes the allegation that his constitutional rights were violated when the trial judge at his final resentencing improperly considered information not before the court. The Magistrate Judge is correct in his ruling that this claim was barred from federal review when Steimle

---

[1] In fact, both the state courts and the Magistrate judge have convincingly demonstrated that Steimle's claims were not likely to succeed, even if heard on their merits by each of the lower courts.

failed to object to the alleged violation at the time of his sentencing. (Steimle has also persistently failed to identify any specific items of allegedly improper information.)

Applying the *Maupin* test to this claim: Steimle violated the contemporaneous objection rule, *see Osborne v. Ohio*, 495 U.S. 103 (1990), and the state appellate court enforced this rule when it rejected his constitutional claim on appeal. The contemporaneous objection rule is an adequate and independent state ground for barring federal review of a constitutional claim. *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). As with his first two claims, Steimle makes no effort in his pleadings to show cause for having violated the state procedural rule or to show that he was actually prejudiced by the alleged constitutional error. His third claim therefore fails at all four stages.

## IV. Conclusion

For the foregoing reasons, this court adopts Magistrate Judge Perelman's findings of fact and conclusions of law. Steimle's petition for a writ of habeas corpus is therefore denied.

For the reasons asserted by the state as respondent, and upon its finding that Steimle has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability for this order. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

     /s/ Ann Aldrich_____
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: December 9, 2005**