IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIST STEIMLE, | ) | Case No. 1:04CV0813 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | |
| WANZA JACKSON, Warden, | ) | Magistrate Judge David S. Perelman |
| | ) | |
| Respondent. | ) | <u>ORDER</u> |

On May 3, 2004, petitioner Christ Steimle ("Steimle") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his convictions in Ohio state court for felonious assault and intimidation. On December 9, 2005, the court adopted the report and recommendation of Magistrate Judge David S. Perelman and denied Steimle's petition on the basis of procedural default. Now before the court is a motion filed by Steimle under Federal Rule of Civil Procedure 59(e), seeking alteration or amendment of the court's December 9 decision, "or a new trial" (Docket No. 17).

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of, or as an attempt to relitigate a point of disagreement between the Court and the litigant."*Manning v. Crane*, 2003 U.S. Dist. LEXIS 13486, *3-4 (E.D. Mich. 2003), quoting *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), *aff'd* 31 F.3d 1175 (3d Cir. 1994). "Additionally, a

party wishing to alter or amend a judgment may not raise arguments which could, and should, have been made before judgment issued." *Keenan v. Bagley*, 262 F. Supp. 2d 826, 830 (N.D. Oh. 2003), quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(additional citations omitted).

Steimle does not claim the existence of newly discovered evidence, or an intervening change in controlling law. Instead, Steimle merely restates his previous arguments regarding procedural default, his desire to change his plea, and his alleged denial of an opportunity to be heard. These arguments were thoroughly addressed by Magistrate Judge Perelman in his report and recommendation, and given *de novo* examination by this court prior to its December 9 decision. They are therefore inappropriate for inclusion in a Rule 59 motion.

For the foregoing reasons, this court denies Steimle's motion to alter or amend its previous decision. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2006